**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

October 18, 2019

**Via ECF**
Honorable Nelson Stephen Roman, U.S. District Judge
Honorable Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

    Re:    *Brady, et al. v. Anker Innovations Limited, et al.*, 18 cv-11396-NSR

Dear Judge Roman:

My office represents Plaintiffs Phillip Brady and Duncan Smith ("Plaintiffs") in the above-referenced action. We write to provide your Honor with recent supplemental authority that bears on Anker Technology Corporation, Power Mobile Life, LLC, and Fantasia Trading, LLC d/b/a Anker Direct's **(**"Defendants") motion to dismiss this action. *See* Dkt. Nos. 26-28. Defendants' motion asserts that their representations regarding milliamp Hour ("mAh") are not misleading, that Plaintiffs have not been unjustly enriched because there were no misrepresentations, and that Plaintiffs' warranty claims fail. Dkt. No. 27, Memorandum of Law in Support of Defendants' Motion to Dismiss (the "Motion" or "Def. Mtn.").

In the recent decision of *Young v. Mophie, Inc.*, No. SACV 19-827-JVS (DFMx) ("*Young*"), 2019 WL 5173770, Dkt. No. 59 (C.D. Cal. October 9, 2019) ("*Young* Order"), Honorable James V. Selna, U.S. District Judge, addressed the same issues. *Young* and the instant case both allege that Power Bank manufacturers are liable for falsely representing that the products' mAH capacity is higher than it actually is. In the *Young* complaint, the plaintiffs allege that the defendant "falsely advertised [Power Banks] by falsely claiming that the [Power Bank]s' capacity is greater than it really is." *Young* Order at 10 (citing First Amended Class Action Complaint ¶ 54). In the instant case, Plaintiffs also allege that Defendants manufacture, market,

and distribute for sale nationwide to consumers a number of Power Banks, "prominently representing the Products' capacity as measured in mAh," Dkt. No. 20, First Amended Class Action Complaint (the "Complaint" or "Compl.") ¶ 3, but "testing has shown the Products' actual capacity is substantially lower than what [Defendants] represent," *id.* ¶ 3.  Based on these misrepresentations, Plaintiffs allege unfair and deceptive acts and practices in violation of the California Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA"); violations of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq* (the "FAL"); violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210 (the "UCL"); breach of express warranty; and unjust enrichment.  Compl. ¶¶ 45-56, ¶¶ 57-64, ¶¶ 65-76, ¶¶ 100-110, & ¶¶ 111-21.

In the Motion to Dismiss in *Young*, like in this case, the defendant argued that the plaintiffs failed to state a claim for relief with respect to the CLRA, FAL, UCL, breach of express warranty, and unjust enrichment claims.  *Young*, Dkt. No. 27, Memorandum of Points and Authorities in Support of Motion to Dismiss ("*Young* Motion"), at 16-18, 21-22, and 22-24.  Significantly, with respect to the claims under the CLRA, FAL, and, UCL, the Court stated:

> Plaintiffs have alleged that the Power Banks they purchased mislabeled the actual capacity of the devices. FAC ¶¶ 3-5, 25-28. They support this allegation with allegations that testing confirmed the Products' true capacity is less than what Mophie represents. Id. ¶ 23. These allegations are sufficient to state claims under the CLRA, FAL, and UCL's unlawful prong. Accordingly, the Court denies dismissal of these three causes of action.

*Young Order* at 9-12.  With respect to the plaintiffs' breach of express warranty claims, the Court stated:

> Mophie argues that Plaintiffs have failed "to identify the exact terms of the purported warranty" and that Plaintiffs' "subjective expectations cannot form the basis for liability, where Plaintiffs fail to identify the basis for their expectations." Mot. at 22. Mophie

> argues that the 2,950 mAh capacity is a product "specification," not an express warranty. . . The Court finds that Plaintiffs' allegations are sufficient to state a claim for breach of express warranty under state law.

*Young* Order at 14-15.  With respect to the plaintiffs' unjust enrichment claims, the Court stated:

> Plaintiffs' unjust enrichment claim does not fail because it may be duplicative of their statutory claims. . . Plaintiffs plead that they conferred a benefit on Mophie, at their expense, that Mophie accepted the benefit, and that it would be unjust for Mophie to retain that benefit.  FAC at ¶¶ 117-126. The two cases they cite (see Opposition at 29-30) establish that the fact they purchased the Power Banks from third-party retailers does not bar their claims.  Based on these allegations, Plaintiffs adequately state a claim under a quasi-contract, restitution-based theory.
>
> Accordingly, the Court denies dismissal of the unjust enrichment cause of action.

*Young* Order at 14-15.

Judge Selna's Opinion is attached as Exhibit A for the convenience of the Court.  We thank the Court for its attention to this matter.

Respectfully Submitted,

*s/ D. Greg Blankinship*
D. Greg Blankinship
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
gblankinship@fbfglaw.com
